IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RONNIE WILLIAMS,** | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| Supervisor **TRACY McINTYRE,** | : | NO. 5:15-CV-231-MTT-CHW |
| Sergeant **HENDERSON,** Officer | : | |
| **SMITH,** Officer **MANGO,** Warden | : | |
| **GREGORY McLAUGHLIN,** Deputy | : | |
| Warden **MASTIE JONES,** and | : | |
| Deputy Warden **DON BLAKELY,**[1] | : | |
| | : | |
| Defendants. | : | **REVISED** |
| | : | **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **RONNIE WILLIAMS**, an inmate at Macon State Prison ("MSP, has filed a lawsuit under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2).

Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** his motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is

---

[1] Plaintiff has filed two documents in this Court, a complaint using this Court's section 1983 form (ECF No. 1) and a handwritten "Verified Complaint for Damages and Injunctive Relief" (ECF No. 1-1). In the caption in this Court's standard form, Plaintiff lists Gregory McLaughlin and Tracy McIntyre as Defendants. The Clerk's Office has docketed them as the sole Defendants in this case. In his other filing, Plaintiff lists in the caption, "Gregory McLaughlin, Tracy McIntyre, et al" as Defendants. Moreover, Plaintiff includes a section in his handwritten filing that lists seven total Defendants. The Court therefore includes each of the seven named Defendants in the caption above.

nevertheless obligated to pay the $350.00 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that

2

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims arise out of his letter to Defendant Unit Manager Tracy McIntyre,

3

which "snitched" on the Gangsta Disciples and the prisoner then housed in cell 214 of J-1 Dormitory. Shortly after Plaintiff wrote the letter, McIntyre allegedly stated in the presence of other prisoners and officers that Plaintiff had written him a letter snitching on those gang members and prisoners. (ECF No. 1 at 5; ECF No. 1-1 at 3). Plaintiff alleges that he immediately received death threats from other inmates. (*Id.*). A month after McIntyre made his statement, Defendants Sergeant Henderson, Officer Smith, and Officer Mango entered Plaintiff's cell while he was handcuffed and beat Plaintiff. Plaintiff fell to his knees and as these Defendants left, he heard Officer Smith say, "I bet he won't snitch on nobody else after that." (ECF No. 1-1 at 3).

In addition to the above four Defendants, Plaintiff sues Defendants Warden Gregory McLaughlin, Deputy Warden Don Blakely, and Deputy Warden Mastie Jones. The only allegations he makes against these three Defendants are that they are supervisors and responsible for the injuries Plaintiff has suffered. (ECF No. 1-1 at 2-3).

### III. DISCUSSION

#### A. DISMISSED DEFENDANTS

Plaintiff seeks to hold Warden McLaughlin, Deputy Warden Blakely, and Deputy Warden Jones liable for the acts of Defendants McIntyre, Henderson, Smith, and Mango. The only allegations Plaintiff makes in this regard are that McLaughlin, Blakely, and Jones are "responsible" for their subordinates' actions.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (*citing Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of McLaughlin, Blakely, or Jones. There is no indication that any of these Defendants had any prior knowledge of the dangers Plaintiff faced.

Accordingly, it is hereby **RECOMMENDED** that McLaughlin, Blakely, and Jones be **DISMISSED** as Defendants herein.  Said dismissal will be without prejudice, however.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the Honorable Marc Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim.  *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### B. REMAINING DEFENDANTS

Plaintiff alleges that McIntyre called Plaintiff a snitch in the presence of other inmates. "Numerous courts-including the Eleventh Circuit-have recognized that inciting other inmates to harm a prisoner, such as by labeling the prisoner a "snitch" or informant, has the potential for great harm and may constitute a violation of the Eighth Amendment." *Jones v. St. Lawrence*, CV408-095, 2008 WL 5142396, at *5 (S.D. Ga. Dec. 5, 2008) (citing, among other cases, *Harmon v. Berry*, 723 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (allegation that officer endangered prisoner's life by telling inmates he was a snitch, thereby exposing him to the possibility of inmate retaliation, is sufficient to survive preliminary review)). Liberally construing Plaintiff's allegations in his favor, the Court will allow his Eighth Amendment claim against McIntyre to go forward.[3]

---

[3] In his complaint, Plaintiff also appears to allege that McIntyre defamed him (ECF No. 1 at 6). A defamation claim is potentially actionable under state law, but not under section 1983. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Garcia v. Miami Police Dep't*, 336 F. App'x 858, 860 (11th Cir. 2009) ("[A]llegations of defamation, on their own, are insufficient to state a federal claim.").

6

Plaintiff's allegations against Henderson, Smith, and Mango assaulted him state a colorable Eighth Amendment claim and shall likewise be allowed to go forward. *See Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (Eighth Amendment "prohibits the unnecessary and wanton infliction of pain on inmates") (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

It is thus **ORDERED** that service be made on Defendants Supervisor Tracy McIntyre, Sergeant Henderson, Officer Smith, and Officer Mango, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made

7

against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

9

**THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any

remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

    **SO ORDERED**, this 15th day of July, 2015.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge